On tin* last day of April, 1810,
Brevard, J.,
delivered the opin. ion of the whole court, ns follows. The declaration in this case states the cause of action to be a battery of the wife of the plain, tíff, Jacob Chapman, by the wife of the defendant, Jonathan Hardy. *427 The plea of the defendants is the act of limitations. The replication of the plaintiff’s, by way of avoidance, states, that an action was commenced within the time required by the act of limitations by the plaintiffs, against Jonathan Hardy, for assaulting and beating the plaintiff, Jonathan Hardy. To this replication the defendants have demurred ; and the question of law, arising on this demurrer, was submitted to the District Court for Richland district, which gave judgment for the plaintiffs. The motion before this court is to reverse the judgment pronounced by the District Court, and give judgnient for the defendant; and we are all of opinion the motion ought to be granted. The statute of limitations, when it attaches, is a bar to the plaintiff’s action. The bar takes place from the time when the right to commence the action accrues. If the action be commenced within the time limited by the statute, after the right accrues', it will save the statute ; that is, it will prevent the bar from taking effect. If the action be commenced in time, it may be prosecuted at a future time, by suing odt an alias writ, founded upon the first writ, or leading process. If this should be done, and the defendant should pleiid the act of limitations in bar, the plaintiff may reply the first writ, so sued out in due time, and that it has been properly continued. The continuances may be entered at any time.
Note. See 3 Burr. 1281. Doug. 655. 2 Sellon’s Pract. 343.
From-the statement of the pleadings, brought to the view of the court in the present case, it does not appear that the leading process in the, action decided on by the District Court, was an alias writ, or "process, and meant to be a' continuation of, or a process founded on a former writ, or process. Nor does it appear that the former action was brought on the same cause of action for which the present action is brought. In the former action, the plaintiffs could not recover damages from Jonathan Hardy, for a trespass committed by his wife, without making his wife a part}’. Besides, it is stated in the brief, that the replication of the plaintiff states that the action was for beating the plaintiff, meaning the plaintiff, Jacob Chapman. This, however, is not material in the present.case.
Judgment for defendant.